UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN THE MATTER OF MIKE HOOKS, LLC, AS THE OWNER AND OWNER PRO HAC VICE OF THE M/V CAPTAIN ARCHIE AND HER CARGO, ENGINES, TACKLE, GEAR APPURTENANCES, ETC. *IN REM*, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABLITY

CAUSE NO.1:18cv113-LG-RHW

Admiralty – Rule 9(h)

## ORDER DENYING PETITIONER'S MOTION TO LIFT STAY

**BEFORE THE COURT** is the [21] Motion to Lift Stay filed by petitioner, Mike Hooks, LLC, as owner and owner *pro hac vice* of the M/V CAPTAIN ARCHIE, her cargo, engines, tackle gear, appurtenances, etc., *in rem*. After a review of the record and relevant law, the Court hereby finds that Petitioner's Motion should be denied.

## BACKGROUND

Mike Hooks filed a complaint seeking exoneration from and/or limitation of liability regarding a personal injury claim asserted by claimant, Brandon Chet Norwood Lennie, a deckhand aboard the M/V CAPTAIN ARCHIE, who suffered injuries while attempting to make a connection with a section of floating pipe. (Compl., ¶ 6, at 2-3, ECF No. 1). The alleged injury occurred November 1, 2017. Lennie is the only claimant in the instant limitation proceeding.

On April 6, 2018, Mike Hooks, in its capacity as owner of the vessel, filed the present limitation proceedings. The Court entered a permanent injunction on April

9, 2018, enjoining the claimant from initiating a claim in state court. (Order, ECF No. 4). On July 9, 2018, the parties filed a [15] Joint Motion to Modify Stay Proceedings, noting that, because Lennie was a single claimant, he would be permitted to pursue an action in another forum outside the instant limitation action subject to stipulations protecting Mike Hooks' right to limitation of liability. (Joint Mot., ¶ 6, at 2, ECF No. 15) (citing *Inland Dredging v. Sanchez*, 468 F.3d 864, 867 (5th Cir. 2006)). Included with their Joint Motion was the following stipulations:

1. This Court's exclusive jurisdiction of the limitation of liability action and that Mike Hooks can seek a determination of limitation following the trial on the merits in a state court proceeding;

2. Lennie will not enforce any judgment obtained in any tribunal until the instant limitation action is heard by this Court and the limitation fund has been determined by the Court;

3. That in no event will Lennie seek to enforce a judgment or recovery made in state court, or in any other tribunal, against Mike Hooks, as same may expose Mike Hooks to liability in excess of the amount of the limitation fund as determined by this Court;

4. Waiver of all claims of *res judicata* relating to Mike Hooks' right to limit liability based on any judgment obtained in state court, or before any other tribunal; and

5. That Lennie will not seek any judgment or ruling on the issue of Mike Hooks' right to limit its liability before a state court, or any other tribunal.

(Stip. of Brandon Chet Norwood Lennie, ECF No. 15-1). The Court thereby granted the parties' motion, finding the previous injunction restraining prosecution of any other pending actions against Mike Hooks as lifted. (*See* Order Modifying Injunct., ECF No. 16). Thereafter, on July 11, 2018, the parties filed a [17] Joint Motion to Stay Proceedings, seeking a stay of the proceedings to permit Lennie to pursue a

state court action.  (Joint Mot. to Stay, ¶ 9, at 2, ECF No. 17).  The Court stayed and administratively closed the instant matter, noting that either party may file a motion to re-open the case within thirty days of the final adjudication of Lennie's state court action, or at any time for good cause shown.  (*See* Order, ECF No. 18).

On November 14, 2018, Lennie filed a petition in the Louisiana 14th Judicial District Court, Parish of Calcasieu, alleging various maritime claims against Mike Hooks as it relates to the November 1, 2017, incident.  Mike Hooks answered the state court petition on December 14, 2018.

Most recently, on June 8, 2021, Mike Hooks filed the instant [21] Motion to Lift Stay.  The bases of its Motion are twofold: (1) Mike Hooks seeks to have the instant limitation action reopened and run concurrently with the state court proceeding in order for the limitation action to be set on the Court's docket with a scheduling order and trial date; and (2) that any discovery conducted in the state court action regarding limitation should be coordinated with this Court so it may resolve and monitor any concerns that may arise throughout the discovery process.  In opposition, Lennie claims that the "saving to suitors clause" preserves the right of an injured seaman to proceed in state court and that federal courts are directed to abstain from exercising jurisdiction over an admiralty suit where there is a pending state court action.  (*See* Opp., at 3, ECF No. 24).

3

## DISCUSSION

A shipowner may bring an action to limit its liability under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* Once this action is filed in federal court, the district court stays all related claims against the shipowner pending in other forums. *Complaint of Port Arthur Towing Co. on Behalf of M/V MISS CAROLYN*, 42 F.3d 312, 315 (5th Cir. 1995) (citations omitted). The "savings to suitors clause," however, has generated the doctrine of abstention, *see Langnes v. Green*, 282 U.S. 531, 541-42 (1931), and permits claimants to proceed in state court in limited circumstances such as when a claimant "stipulates that the federal court has exclusive jurisdiction over the limitation . . . proceeding and that [the claimant] will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *Complaint of Port Arthur*, 42 F.3d at 315-16. In such cases, the federal district court lifts its stay to the extent of allowing the claimant to proceed with his state court action. Such is the case here.

The parties do not disagree that the "savings to suitors clause" permits Lennie to proceed in state court. Rather, Mike Hooks requests the Court to exercise jurisdiction concurrently with the state court action for the sake of scheduling purposes and discovery issues that may arise. Mike Hooks fails to cite case law to support its argument. Nonetheless, the Court finds that Mike Hooks' position is unpersuasive and lacks good cause. The Court thus must abstain and retain jurisdiction over the limitation action pending resolution of Lennie's various maritime claims in state court. *See Complaint of McCarthy Bros. Company/Clark*

*Bridge*, 83 F.3d 821, 828 (7th Cir. 1996) (citing *Ex parte Green*, 286 U.S. 437, 439-40 (1932)).

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [21] Motion to Lift Stay filed by petitioner, Mike Hooks, LLC, as owner and owner *pro hac vice* of the M/V CAPTAIN ARCHIE, her cargo, engines, tackle gear, appurtenances, etc., *in rem*, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of July, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE